UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY MARSH APPLEWHITE,

    Petitioner,

    v.

JONATHAN HEMINGWAY,

    Respondent.
_____/

CASE NO. 21-cv-12060

HON. GEORGE CARAM STEEH

## OPINION AND ORDER DISMISSING THE HABEAS PETITION AS MOOT AND CLOSING THIS CASE

Petitioner Roy Marsh Applewhite filed a *pro se* application for the writ of habeas corpus petition pursuant to 28 U.S.C. § 2241. See Pet. (ECF No. 1). At the time, Petitioner was an inmate at the Federal Correctional Institution in Milan, Michigan. The habeas petition challenged petitioner's continued confinement by the Federal Bureau of Prisons. His sole request for relief was to be released from federal custody. See id. at PageID.8.

Petitioner recently informed the Court that he was released to home confinement on March 14, 2022, due to a furlough. See Notice of Change of Address (ECF No. 14). His initial request for release from federal custody, therefore, is moot. Accordingly, the Court will dismiss the petition without prejudice.

## I.  BACKGROUND

In 2008, petitioner was indicted on federal charges in the United States District Court for the Western District of Michigan and taken into custody by the United States Marshal's Service.  See Response to Pet. for Writ of Habeas Corpus, Exh. 2 (ECF No. 8-3, PageID.77, ¶ 6).  A federal jury subsequently found petitioner guilty of the following four counts:  (1) maintaining a drug house, 21 U.S.C. § 856(a)(1); (2) possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1) and (b)(1)(C); (3) felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 921(a), 924(a)(2), and 924(e); and (4) possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A)(i).  See United States v. Applewhite, No. 1:08-cr-131, ECF No. 52 (W.D. Mich. Oct. 30, 2008).  On March 17, 2009, United States District Judge Janet T. Neff sentenced petitioner to a total of 240 months in prison.  See id. (ECF No. 56, PageID.175-76).

On May 1, 2009, the United States Marshal's Service delivered petitioner to the Michigan Department of Corrections (MDOC) because petitioner had been charged in state court with violating the conditions of parole.  See Response to Pet., Exh. 2 (ECF No. 8-3, PageID.76-77, ¶¶ 3-6).  The federal judgment was lodged as a detainer in the state case.  See id. at PageID.77, ¶ 6.

On May 12, 2009, petitioner was found guilty of violating the conditions of parole in his state case. See id., ¶ 7. However, on July 20, 2010, the MDOC released petitioner on parole, and the United States Marshal's Service took custody of petitioner so that he could begin serving his federal sentence. Id.

Petitioner subsequently challenged his confinement in federal prison by seeking administrative relief. In 2017, he filed a request for administrative remedy, claiming that the Bureau of Prisons lost jurisdiction of him when they released him to the MDOC before he completed his federal sentence. He stated that the Bureau of Prisons was powerless to regain jurisdiction over him on July 20, 2010, when MDOC paroled him and that he was entitled to release from federal custody. See Pet. (ECF No. 1, PageID.12). Petitioner's warden at the time denied petitioner's request for an administrative remedy. See id., PageID.13.

Petitioner appealed the warden's decision to a regional director for the Bureau of Prisons who denied the appeal. The regional director stated that petitioner was serving a valid term of 240 months for his drug and firearm convictions and that the Bureau of Prisons possessed a facially valid order committing petitioner to the Bureau's custody. The regional director also stated that the Bureau of Prisons lacked the authority to

amend a court order and that, absent an amended order, petitioner would remain in the Bureau's custody until his release date. See id. at PageID.16.

Petitioner appealed the regional director's decision to the Central Office for the Bureau of Prisons. On March 22, 2018, the Administrator for National Inmate Appeals concurred with petitioner's warden and the regional director and denied petitioner's appeal. The national administrator found no evidence that petitioner's current sentence was invalid, and he stated that the Bureau of Prisons was required to honor the federal court's judgment and commitment order. See id. at PageID.20.

On August 24, 2021, petitioner commenced this case. He alleged that his designation as a federal prisoner was cancelled and that he was released from federal custody on May 1, 2009, and then detained by the MDOC for a parole violation. His sole claim was that the Bureau of Prisons violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution when the Bureau took him back into federal custody on July 20, 2012. See id. at PageID.6-7. His sole request for relief was to be released from federal custody. Id. at PageID.8.

On November 15, 2021, the Government filed a response to the petition and asked the Court to deny the habeas petition. See Response to

Pet. for Writ of Habeas Corpus (ECF No. 8). The Government argued that petitioner's federal sentence is valid, that his federal charges were never dismissed, and that his continued incarceration was not illegal. Id. at PageID.61. On December 23, 2021, Petitioner filed a reply in which he argued that the Bureau of Prisons did not have jurisdiction to hold him in custody. He asked the Court to issue an order releasing him from prison. See Petitioner's Response to the Government's Answer (ECF No. 12, PageID.148).

On December 27, 2021, and on January 18, 2022, petitioner notified the Court that he had been transferred to a federal facility in Terre Haute, Indiana. See Notice of Change of Address (ECF Nos. 11 and 13). Finally, on March 21, 2022, petitioner informed the Court that he was no longer confined at a federal camp in Terre Haute and that his new mailing address was Holt, Michigan. He explained that he was released to home confinement on March 14, 2022, via furlough, and he thanked the Court for the time it had spent on his case. See Notice of Change of Address (ECF No. 14).

## II. DISCUSSION

The Court begins its discussion by noting that "[f]ederal courts may review only actual cases or controversies, U.S. Const. art. III, § 2, cl.1, and

thus 'have no power to adjudicate disputes which are moot.' " Witzke v. Brewer, 849 F.3d 338, 340 (6th Cir. 2017) (quoting McPherson v. Mich. High Sch. Athletic Ass'n, Inc., 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (quoting Crane v. Ind. High Sch. Athletic Ass'n, 975 F.2d 1315, 1318 (7th Cir. 1992)).

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–478, 110 S.Ct. 1249, 1254, 108 L.Ed.2d 400 (1990). See also Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334–35, 45 L.Ed.2d 272 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis, supra, at 477, 110 S.Ct., at 1253.

Spencer v. Kemna, 523 U.S. 1, 7 (1998).

"If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." Genesis Healthcare Corp. v. Smyczyk, 569 U.S. 66, 72 (2013) (quoting Lewis, 494 U.S. at 477–78) **JIO**; see also Witzke, 849 F.3d at 340 (explaining that, if a case becomes moot, it must be dismissed) (citing Rosales-Garcia v. Holland, 322 F.3d 386, 394 (6th Cir. 2003) (en banc)). A case becomes moot "when it is impossible for a court to grant any effectual relief whatever

to the prevailing party." Knox v. Service Employees Int'l Union, Local 1000, 567 U.S. 298, 307 (2012) (quotation marks and end citations omitted).

An incarcerated person's "challenge to the validity of his conviction always satisfies the case-or-controversy requirement," Spencer, 523 U.S. at 7, but petitioner is not challenging his federal conviction, and he is no longer incarcerated. Moreover, he has been granted the only relief he sought, and the Court cannot grant any effectual relief. Accordingly, because petitioner's request for release from federal custody is moot, his habeas petition is dismissed without prejudice.

The Court wishes to thank petitioner for notifying the court of the change in his status and to encourage him in his efforts to be a productive member of society. This case is now closed.

SO ORDERED.

Dated: June 2, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 2, 2022, by electronic and/or ordinary mail and also on Roy Marsh Applewhite, 1801 Meadow Dr., Holt, MI 48842.

s/Brianna Sauve
Deputy Clerk